UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JAMES W. HACKNEY, ) | |
| ) | Civil No. 3:15-cv-00075-GFVT |
| Plaintiff, ) | |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| ALLMED HEALTHCARE ) | **ORDER** |
| MANAGEMENT, INC.,, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court upon Plaintiff James W. Hackney's motion to remand the case to Kentucky state court. [R. 4.] Defendant AllMed Healthcare Management, Inc., removed the case on the basis of complete ERISA preemption. The Court finds the case is properly removable and therefore DENIES Plaintiff's motion to remand.

I

A

Plaintiff Hackney initially filed a Complaint in Shelby Circuit Court "relating to Defendant AllMed Healthcare Management Inc.'s actions in rendering an unlicensed medical opinion concerning Plaintiff." [R. 1-1 at ¶ 1.] According to his Complaint, Hackney was an employee of Vascular Solutions, Inc. ("VSI"). As part of his employment, he was covered by a group long-term disability insurance policy. In October 2010, Hackney's health deteriorated such that he could no longer work for VSI. Hackney filed for disability income benefits payable under the long-term insurance policy. At the insurer's request, AllMed agreed to provide a written medical opinion concerning Mr. Hackney's physical condition. Robert J. Cooper, a

contract employee of AllMed, and Skip Freeman, AllMed's medical director, participated in drafting and issuing the medical opinion ultimately sent to the disability insurer. Neither Cooper nor Freeman were licensed to practice medicine in Kentucky under KRS § 311.560.[1]

The Complaint alleges that "[a]s a direct result of AllMed's medical opinions concerning Mr. Hackney's physical limitations and restrictions, the insurer denied his claim for disability income benefits." [R. 1-1 at ¶ 22.] "Based upon AllMed's medical opinions, Mr. Hackney was damaged." [*Id.* at ¶ 26.] In his claim for relief, Hackney asserts a claim for negligence *per se* against AllMed, specifically based on AllMed's violation of KRS § 311.560. Notably, Plaintiff's Complaint states that "Plaintiff's claims arise solely under the laws of the Commonwealth of Kentucky. Plaintiff *does not* assert any claim arising under federal law." [*Id.* at ¶ 2, emphasis in original.]

Despite Plaintiff's insistence on state law, AllMed filed a notice of removal. [R. 1.] AllMed asserts that Plaintiff's Complaint is completely preempted by ERISA, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et. seq.* [R. 1 at 4.] Further, AllMed alleges Hackney omitted key facts and details in the Complaint, so as to mask his claim's relationship to ERISA and to purposefully keep the lawsuit out of federal court. AllMed explains that the "insurer" referred to throughout the Complaint is The Lincoln National Life Insurance Company. [*Id.* at 2.] The "long-term disability benefits plan" referred to in the Complaint is a plan under ERISA. [*Id.* at 3.] Additionally, Plaintiff Hackney has already filed suit against Lincoln National to recover the disability benefits he claims were wrongly denied to

---

[1] The relevant portion of the statute reads "no person shall engage or attempt to engage in the practice of medicine or osteopathy within this state, or open, maintain, or occupy an office or place of business within this state for engaging in practice, or in any manner announce or express a readiness to engage in practice within this state, unless the person holds a valid and effective license or permit issued by the board as hereinafter provided." KRS § 311.560(1).

2

him on the basis, at least in part, of the medical opinion AllMed provided. Plaintiff brought this suit against Lincoln National under §§ 502(a)(1)(B) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3), respectively. For the Court's confirmation, AllMed attaches Hackney's Amended Complaint from the *Lincoln National* case. [*See* R. 1-2.]

In response to the notice of removal, Hackney filed a motion to remand. [R. 4.] In his motion, he insists again that his Complaint does not raise any federal questions. He also argues that AllMed failed to properly prove complete preemption under ERISA and seeks attorney's fees and costs for the improper removal.

**B**

Federal courts are courts of limited jurisdiction. Thus, as a preliminary matter, the Court must always consider its subject matter jurisdiction over a case. *See, e.g., Douglas v. E.G. Baldwin & Associates*, 150 F.3d 604, 607 (6th Cir. 1998) ("The first and fundamental question presented by every case brought to the federal court is whether it has jurisdiction to hear a case."). In the matter at hand, AllMed seeks to invoke the Court's federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441, on the basis of complete ERISA preemption.

Usually, determining whether a case arises under federal law so as to allow removal turns on the "well-pleaded complaint rule"—whether a federal question "necessarily appears in the plaintiff's statement of his own claim." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013). Under this theory, the plaintiff is the "master" of his complaint, free "to decide what law he will rely on." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (internal quotation marks omitted). The fact that a defendant has a federal defense, or even a federal counterclaim, to the plaintiff's complaint is insufficient to trigger federal jurisdiction. *Chase Manhattan Corp. v. Smith*, 507

3

F.3d 910, 914 (6th Cir. 2007) (citing *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808 (1986)).

In certain limited instances, there are exceptions to the well-pleaded complaint rule. One such exception involves the "artful-pleading doctrine." *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352 (6th Cir. 2015). Under this rule, "plaintiffs may not avoid removal jurisdiction by artfully casting their essentially federal law claim as state-law claims." *Id.* at 358 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). Further, the Supreme Court has articulated an exception to the well-pleaded complaint rule specifically for state law claims actually governed by ERISA. In *Aetna Health Inc. v. Davila*, the Supreme Court explained that ERISA's enforcement mechanism, § 502(a), 29 U.S.C. § 1132(a), "is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." 542 U.S. at 208. Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209.

Courts use a two-part test to determine whether a plaintiff's state-law claim is removable to federal court on the basis of complete ERISA preemption. "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* at 210; *see also Gardner*, 715 F.3d at 613. Both prongs of the test must be satisfied for federal jurisdiction to be proper. *Gardner*, 715 F.3d at 613.

II

With this legal framework in mind, the Court considers whether the Plaintiff's claim for negligence *per se* under KRS § 311.560 was properly removed to federal court.  Plaintiff Hackney alleges AllMed's notice of removal is flawed in that it fails to satisfy the two-part Davila test for complete ERISA preemption.  [*See* R. 4 at 4-8.]  Upon review, the Court finds otherwise.  Contrary to Plaintiff's assertions, AllMed's notice of removal clearly articulates a desire to remove because the action is "completely preempted by ERISA."  [R. 1 at 4.]  Although AllMed did not explicitly articulate the two *Davila* prongs in the initial notice of removal, the Court, after reviewing the notice of removal and the parties' briefing, is satisfied that the test is indeed met.

First, the Court finds that Hackney's claim against AllMed for negligence *per se* is really a "suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan."  *Davila*, 542 U.S. at 210.  Hackney essentially argues that AllMed negligently processed his claim in violation of KRS § 311.560 and that he was damaged by Lincoln National's denial of his claim for long-term disability benefits.  [*See* R. 10 at 10-11.]  The Complaint does not use these exact words, but that is immaterial.  After considering all of the facts, it is clear that Hackney could have brought this claim at some point in time under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  As AllMed appropriately highlights, Hackney has already done so in his lawsuit against Lincoln National.  [*Id.* at 11; R. 1-2 at ¶ 17 (Lincoln National's denial of claims "relied on unlicensed medical opinions.").]  Thus, the first *Davila* prong is satisfied.  *See Davila*, 542 U.S. at 210.

Further, Hackney does not allege the violation of any legal duty independent of ERISA or of the plan terms.  *See id.*; *Gardner*, 715 F.3d at 612.  Hackney's state law claim for negligence arises solely in the context of AllMed's review of Hackney's claim file, which, in turn, arises solely in the context of Lincoln National's review of Hackney's claim for disability benefits under ERISA.  The medical professionals contracted by AllMed were not providing medical care for Hackney, and they had no relationship with him at all independent of his long-term disability insurance policy.  The Court cannot find any basis for a legal duty independent of ERISA on behalf of the medical reviewers.  *Davila*, 542 U.S. at 210.  With both prongs of the *Davila* test satisfied, Hackney's Complaint is completely preempted and is properly removed to federal court.  As the Sixth Circuit has stated, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit."  *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002).  *See also Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276-77 (6th Cir. 1991).

The Court's conclusion is bolstered by several decisions of sister courts in the Western District of Kentucky.  Though these decisions are not binding precedent, they are highly persuasive.  At least four Western District of Kentucky cases have considered the identical issue raised by Hackney and AllMed: whether a claim for negligence *per se* under KRS § 311.560 is completely preempted by ERISA when the alleged violators of the statute issued a medical opinion solely for the purpose of determining a claimant's disability insurance eligibility.  Notably, the plaintiffs in all four of the Western District cases were represented by the same counsel as Plaintiff Hackney.[2]

---

[2] Upon investigation, Michael D. Grabhorn—listed as counsel for Plaintiff Hackney alongside Andrew M. Grabhorn—was also counsel in the *Hogan*, *Milby*, and *Hanshaw* cases.

In *Hogan v. Jacobson*, the court considered whether to remand the plaintiff's claim for negligence *per se* due to an alleged violation of KRS § 311.560.  No. 3:12-cv-820, 2013 WL 5425303, at *1 (W.D. Ky. Sept. 26, 2013).  Plaintiff Hogan's complaint contained identical language as Plaintiff Hackney's, insisting no federal claims were pled.  Despite this, the court determined that "the recitation that claims are grounded solely in state law cannot prevent proper removal of an action to federal court where, as here, it becomes evident that federal jurisdiction exists."  *Id.*  Like Hackney, Plaintiff Hogan had separately sued the insurer under ERISA but did not reference that separate litigation in any way as part of her complaint.  *Id.* at *3.  After reviewing both the facts in Hogan's complaint and the relevant omitted facts brought to light by the defendants, the court found the alleged violation of KRS § 311.560 was "indisputably done" in connection to Hogan's claim for ERISA benefits.  The defendant medical examiners' sole relationship with Hogan was their review of her claim for benefits.  *Id.*  Applying the *Davila* test, the court found that (1) the state claims necessarily arose under § 502(a), § 1132(a), and that (2) the medical professionals had no duty independent of the underlying ERISA connection.  *Id.* at *3-4.  Upon motion for reconsideration, the court affirmed its analysis.  *Hogan v. Jacobson*, No. 3:12-cv-00820, 2014 WL 978464, at *1 (W.D. Ky. Mar. 12, 2014).

Western District of Kentucky courts have found a claim under KRS § 311.560 completely preempted by ERISA on at least two more separate occasions.  *See Milby v. Liberty Life Assur. Co. of Boston*, No. 3:13-cv-00487, at *1 (W.D. Ky. April 30, 2015); *Hanshaw v. Life Ins. Co. of N. Am.*, No. 3:14-cv-00216, 2014 WL 5439253, at *1 (W.D. Ky. Oct. 24, 2014).  In addition, the Court is familiar with various judges across the country who agree that tort claims against medical professionals reviewing a claimant's disability benefits are properly heard in federal court considering *Davila* and its progeny.  *See, e.g., Jass v. Prudential Health Care Plan,*

7

*Inc.*, 88 F.3d 1482, 1488-89 (7th Cir. 2006); *Danaca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 5-6 (1st Cir. 1999). In light of the Court's independent determination and the similar holdings of others, the Court finds Plaintiff's claim for negligence *per se* completely preempted by ERISA.

### III

In conclusion, Plaintiff's apparent desire to avoid federal court is insufficient to defeat AllMed's proper notice of removal. Exceptions to the well-pleaded complaint rule exist where a plaintiff conceals facts that establish federal question jurisdiction or alleges claims completely preempted by ERISA. In this case, Hackney would not have a claim against Defendant AllMed but for his claim for disability benefits under ERISA. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Hackney's Motion to Remand [**R. 4**] is **DENIED.**

This the 11th day of December, 2015.

Gregory F. Van Tatenhove
United States District Judge