UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JAMES W. HACKNEY, | ) | |
| | ) | Civil No. 3:15-cv-00075-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| ALLMED HEALTHCARE MANAGEMENT, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Several months ago, the Court determined that Plaintiff Hackney's purported state law negligence *per se* claim was completely preempted by ERISA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. Now, upon construing the claim as one brought pursuant to ERISA, the Court finds Mr. Hackney has not set forth a viable claim for relief against AllMed Healthcare Management, Inc. Therefore, and as explained below, Defendant AllMed's motion to dismiss will be GRANTED.

I

A

Plaintiff James Hackney seeks relief from Defendant AllMed Healthcare Management, Inc., ("AllMed") for AllMed's "actions in rendering an unlicensed medical opinion concerning Plaintiff." [R. 1-1 at ¶ 1.] Hackney, a former employee of Vascular Solutions, Inc., was covered by a group long-term disability insurance policy as part of his employment. In October 2010, Mr. Hackney's health deteriorated such that he could no longer work, and he filed for disability income benefits payable under the long-term insurance policy. AllMed provided a written

medical opinion concerning Mr. Hackney's physical condition to the insurer. Neither the medical director nor the contract employee of AllMed who participated in drafting and issuing the medical opinion were licensed to practice medicine in Kentucky under KRS § 311.560. Ultimately, Hackney's claim for disability income benefits was denied. In the above-styled action, Hackney argues he was denied benefits "[a]s a direct result of AllMed's medical opinions" and he asserts a claim for negligence *per se* against AllMed specifically based on AllMed's violation of KRS § 311.560. [R. 1-1 at ¶ 22.]

Despite Hackney's attempts to assert only state law causes of action in the case, AllMed removed the case to federal court. Hackney then filed a motion to remand which the Court ultimately denied. [R. 14.] After performing the two-part test set forth in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), and considering similar holdings of other federal district and circuit courts, the Court found Hackney's state law negligence claim to be completely preempted by ERISA, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et. seq.* [*See id.*] AllMed has now moved to dismiss the action in its entirety, contending Hackney cannot sustain a cause of action under ERISA against the corporation. [R. 17.]

**B**

Federal Rule of Civil Procedure 12(b)(6) allows a Defendant to seek dismissal of a complaint which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, as is now well known, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court reviewing a 12(b)(6) motion must "accept all the Plaintiffs' factual allegations as true and construe the complaint in the light most favorable to the Plaintiffs." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). However, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (citing *Twombly*, 550 U.S. at 556). Ultimately, the Court will dismiss a complaint if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Prater v. City of Burnside, Ky*., 289 F.3d 417, 424 (6th Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## II

AllMed argues Hackney's complaint should be dismissed because it is an unlawful second attempt to challenge the denial of his claim for disability benefits under ERISA. [R. 18.] An explanation of prior related litigation provides context to AllMed's argument. Mr. Hackney has previously litigated at least two separate actions against The Lincoln National Life Insurance Company ("Lincoln National") in the Western District of Kentucky. Apparently, though absent from Hackney's complaint in the instant case, Lincoln National was the ERISA claims administrator that made the ultimate determination to deny Hackney benefits, and, ostensibly, the nameless "insurer" referred to throughout the complaint. In 2011, Hackney filed an ERISA suit against Lincoln National which included claims for breach of contract, equitable and appropriate relief, and attorneys' fees. [*See Hackney v. Lincoln Life Ins. Co.*, Western District of Kentucky, No. 3:11-cv-00268-DJH, at R. 1, therein.] Judge David J. Hale handled that lawsuit, which was ultimately resolved through settlement negotiations and dismissed with prejudice. [*Id.* at R. 92, therein.]

3

Mr. Hackney also filed suit against Lincoln National and VSI, his former employer, in Kentucky state court in 2012. [*See Hackney v. Lincoln Nat'l Life Ins. Co., et al.*, Western District of Kentucky, No. 3:12-cv-00170-CRS-CHL.] This lawsuit, which included numerous claims related to Hackney's denial of long-term disability benefits, was removed to federal court on the basis of diversity jurisdiction and was overseen by Judge Charles R. Simpson, III. [*See id.* at R. 1, therein.] Judge Simpson granted summary judgment in favor of VSI on May 30, 2014 [*Id.* at R. 123, therein; *see also Hackney v. Lincoln Nat'l Life Ins. Co.*, No. 3:12-cv-00170-CRS, 2014 WL 2440691, at *13-14 (W.D. Ky. May 30, 2014)], and summary judgment in favor of Lincoln National on May 14, 2014 [*Id.* at 157, therein; *see also Hackney v. Lincoln Nat'l Life Ins. Co.,* No. 3:12-cv-00170-CRS, 2015 WL 2344874, at *4 (W.D. Ky. May 14, 2015).] In both of these lawsuits, Mr. Hackney protested the use of "unlicensed medical opinions" allegedly issued by AllMed in violation of KRS § 311.560. [*See Hackney v. Lincoln Life Ins. Co.*, Western District of Kentucky, No. 3:11-cv-00268-DJH, at R. 31, therein, at 3, 9; *Hackney v. Lincoln Nat'l Life Ins. Co., et al.*, Western District of Kentucky, No. 3:12-cv-00170-CRS-CHL, at R. 22, therein, at 12-13.]

Mr. Hackney's immediate action against AllMed was removed from Kentucky state court despite Hackney's efforts to the contrary, and in an order denying Hackney's motion to remand, the Court determined any potential claim under KRS § 311.560 arises solely within the context of Hackney's claim for benefits under his former employer's ERISA plan. [R. 14.] Accordingly, the Court found his purportedly state law claim to be completely preempted by ERISA. [*Id.*] In light of that ruling, AllMed moves to dismiss the action entirely, asserting *res judicata* and contending it is not a proper Defendant in an ERISA suit. [R. 18.] As stated below, the Court agrees that Hackney's complaint should be dismissed.

When a court determines a state law claim is completely preempted by ERISA, that determination "converts a state-law claim that could have been brought under § 1132 into a federal claim and makes the recharacterized claims removable to federal court." *Loffredo v. Daimler AG*, 500 F. App'x 491, 495 (6th Cir. 2012). The court, then, generally has two options: it may allow a plaintiff to amend his complaint in order to assert an ERISA cause of action, or it may simply treat the state-law claim as an ERISA claim. *See Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 818 (S.D. Ohio 2003); *Hogan v. Jacobson*, No. 3:12-cv-820-DJH, 2015 WL 1931845, at *2 (W.D. Ky. April 28, 2015). Mr. Hackney expresses no desire to amend his complaint to state an ERISA claim. Conversely, in his response to AllMed's motion to dismiss, he reiterates his intent to assert solely state law claims and re-raises many of the same arguments he previously made in his motion to remand. [*See* R. 26 at 6 (indicating his "legal posture remains unchanged" and urging the court to remand for lack of subject-matter jurisdiction).] In light of Mr. Hackney's unwillingness to articulate an ERISA claim himself, the Court will undertake the task of construing his claim as an ERISA claim and analyzing it accordingly. *See Hogan*, 2015 WL 1931845, at *2 (citing *Mazur v. Unum Ins. Co.*, 590 F. App'x 518, 521 (6th Cir. 2014)).

Hackney's complaint indicates that, at the insurer's request, AllMed agreed to provide a medical opinion concerning Mr. Hackney. [R. 1-1 at 4.] Hackney alleges negligence *per se*, arguing AllMed's medical opinion conflicted with those of Mr. Hackney's treating physicians and the Social Security Administration, and contending AllMed "did not seek to render an accurate medical opinion" but rather "provided medical opinions that would support the insurer's claim denial." [*Id.* at 5-6.] Ultimately, Hackney claims AllMed violated KRS § 311.560 and practiced medicine in the Commonwealth of Kentucky without a proper license when it issued its

5

medical opinion about him to Lincoln National. [*Id.*] The Court construes this negligence claim as one for the improper denial of long-term disability benefits under ERISA. *See Hogan*, 2015 WL 1931845, at *2-3 (construing a plaintiff's essentially identical KRS § 311.560 claims as "subsumed within the claim for wrongful denial of benefits under the ERISA plan"). As the Court has already explained, this state-law claim is in essence a "suit complaining of a denial of coverage," *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004), and Hackney clearly could bring this claim at some point in time under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). [*See* R. 14 at 5.]

Unfortunately for Mr. Hackney, this construed claim cannot survive the Defendant's motion to dismiss. AllMed contends the claim is barred by *res judicata* because of Hackney's prior ERISA litigation against Lincoln National. [*See* R. 18 at 7-8.] Even if the claim is not precluded by a prior judgment of the Western District of Kentucky, however, the claim is appropriately dismissed. AllMed is not a proper defendant in an ERISA suit challenging the wrongful denial of benefits, as it had no role in ultimately approving or denying Hackney's claim. *See Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 522 (6th Cir. 2010) (indicating the proper defendant in an ERISA action is the plan administrator) (citing *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988)). Plaintiff Hackney himself concedes this well-settled rule. [*See, e.g.*, R. 26 at 5 ("Mr. Hackney readily admits Allmed is not a proper party to an ERISA claim.").] Accordingly, Hackney's claim, once construed as a claim under ERISA, cannot properly proceed.

While it may seem untenable to convert the Plaintiff's state law claim into an ERISA claim only to dismiss it as improper under the Act, this is the procedural process courts use when, like here, a plaintiff presents "a claim for benefits . . . in state-law clothing" that ultimately

proves unviable. *See Hogan*, 2015 WL 1931845, at *2 (construing a plaintiff's KRS § 311.560 claim as an ERISA claim for the wrongful denial of benefits and immediately dismissing because defendants were not plan administrators); *see also Mazur*, 590 F. App'x at 521-523 (construing a plaintiff's claims as ERISA claims and immediately upholding dismissal pursuant to Rule 12(b)(6)). Once his negligence claim is properly articulated as an ERISA cause of action, Plaintiff Hackney has failed state a claim upon which relief can be granted, and AllMed's motion to dismiss should be granted.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant AllMed Healthcare Management, Inc.'s motion to dismiss [R. 17] is **GRANTED**. This action is **DISMISSED** with prejudice and **STRICKEN** from the Court's active docket.

This the 28th day of April, 2016.

Gregory F. Van Tatenhove
United States District Judge