UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JAMES W. HACKNEY, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>ALLMED HEALTHCARE )<br>MANAGEMENT, INC., )<br>)<br>Defendants. ) | Civil No. 3:15-CV-00075-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Recommended Disposition filed by Magistrate Judge Edward B. Atkins. [R. 58.] This Court previously granted Defendant AllMed HealthCare Management, Inc. (AllMed)'s Motion for Attorneys' Fees and referred the matter to Judge Atkins to determine the amount of fees and costs. [R. 53.] Magistrate Judge Atkins reviewed the record and recommended Plaintiff James Hackney be required to pay AllMed's attorneys' fees in the amount of $81,589.95 and expenses in the amount of $1,520.35. [R. 58.] For the following reasons, the Court **ADOPTS** the Recommendation.

**I**

Mr. Hackney brought a state claim that was completely preempted by ERISA. [R. 14 at 5–6; R. 28.] This Court construed his claim as an ERISA claim and dismissed the Complaint with prejudice. [R. 28.] The Sixth Circuit Court of Appeals affirmed. [R. 37.] Pursuant to 29 U.S.C. § 1132(g)(1), this Court then granted AllMed's motion requesting attorneys' fees and costs incurred while defending Mr. Hackney's claims. [R. 53.]

AllMed initially filed its Motion for Attorneys' Fees on May 12, 2016. [R. 30.] This motion was briefed, but the underlying matter remained pending before the Sixth Circuit. Accordingly, this Court denied AllMed's motion without prejudice and directed them to re-file following the resolution of Mr. Hackney's appeal. [R. 36.] Three days after the Sixth Circuit issued its Mandate, AllMed refiled its motion. [R. 39.] After briefing, the Court determined to award attorneys' fees, but directed additional briefing as to the amount owed by Mr. Hackney to AllMed. [R. 53.] Magistrate Judge Atkins filed an Order stating he considered the matter "fully briefed and ripe for decision" unless the parties notified the Court otherwise within a specified amount of time. [R. 54.] Mr. Hackney responded stating, "Plaintiff hereby notifies the Court 'otherwise.'" [R. 55 at 1.] AllMed was ordered to respond [R. 56] and did so [R. 57]. Mr. Hackney has repeatedly objected to any award for fees and or costs, but until now, has raised no specific objections to the amounts specified in AllMed's declarations.

An initial estimate of attorneys' fees is the multiplication of reasonable hours expended in a matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Judge Atkins reviewed AllMed's requests and determined both the hours expended and the hourly rates to be reasonable. [R. 58.] On October 13, 2017, prior to this Court's award of fees and costs, AllMed submitted a total fee request of $90,655.50 and a total expense request of $1,689.28. [R. 49 at 3.] Mr. Hackney has had ample opportunity to file objections to this amount in the record, however, he did not do so prior to March 7, 2018. In his Recommended Disposition, Judge Atkins determined that the requested amount resulted in an average hourly rate of $324, a reasonable rate compared to other fees awarded by this Court in ERISA cases at rates as high as $425 per hour. [R. 58 at 5–7.] Regardless, Judge Atkins found it appropriate to mitigate any

potential unnecessary fee and expense amounts by reducing the award by ten percent, awarding $81,589.95 in fees and $1,520.35 in costs, for a total of $83,110.30. *Id.* at 7.

## II

### A

In any case involving a request for attorneys' fees, "'[t]he primary concern . . . is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). For this reason, attorneys seeking compensation must "maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended." *Wooldridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1177 (6th Cir. 1990). The fee applicant carries "the burden of providing for the court's perusal a particularized billing record" that supports the proposed amount. *Perotti v. Seiter,* 935 F.2d 761, 764 (6th Cir. 1991). The petitioner, "of course, is not required to record in great detail how every minute of his [or her] time was expended," but should "at least . . . identify the general subject matter of [ ] time expenditures." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

When evaluating these records, "[t]he trial court's initial point of departure . . . should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." *Adcock–Ladd*, 227 F.3d at 349. After calculating this figure, "[t]he trial judge may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Id.* Although the district court's "exercise of discretion" in calculating a reasonable amount "is entitled to substantial deference," the court must still "provide a clear and concise explanation of its reasons for the fee award." *Id.* This review "should state with some

particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 366 (6th Cir. 2014) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.,* 130 F.3d 1185, 1193 (6th Cir. 1997). And when a counterparty "raises specific objections to a fee award, a district court should state why it is rejecting them." *Wooldridge*, 898 F.2d at 1176.

A party has fourteen days after service to register any objections to the recommended disposition or else waive his rights to appeal. 28 U.S.C. § 636(b)(1). In order to receive *de novo* review by this Court, any objection to the report and recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). A general objection that fails to identify specific factual or legal issues from the report and recommendation, however, is not permitted since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**B**

Even though Mr. Hackney did not object to the claimed hours prior to Judge Atkins's Recommended Disposition, he now files timely objections to the award. [R. 59.] However, only a few of these objections are adequately specific, and many of his objections lack merit. Mr. Hackney begins by filing several "Specific Objections to R&R," and "General Issues and Additional Objections," all of which fail to identify specific factual or legal issues from the Report and Recommendation, instead objecting to an award of *any* fees at all. The Court is not required to conduct a *de novo* review on such generalized objections. *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**1**

Mr. Hackney identified four "Specific Objections to R&R," in which he objects to any award of attorneys' fees and costs based on his belief that this Court should not have awarded fees and costs to AllMed at all. First, "Mr. Hackney objects to <u>any</u> award of attorneys' fees and costs." [R. 59 at 5.] He reiterates this in his third objection, claiming AllMed failed to comply with Federal and Local Rules, thus the Court's grant of fees and costs is improper. *Id.* at 6. These are not objections to Judge Atkins's Recommended Disposition, which merely addresses the amount of award. These are objections to this Court's Order granting AllMed fees and costs under 29 U.S.C. § 1132(g)(1). However, such objections are appropriately addressed in a motion under Fed. R. Civ. Pro. 60, which Mr. Hackney did not file. Mr. Hackney merely attempts to restate his displeasure with the Court's previously ruling, and therefore, the Court refuses to address this objection. *See Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010); *Murr v. United States*, 200 F. 3d 895, 902 n.1 (6th Cir. 2000).

Next, Mr. Hackney claims he had no opportunity to respond to AllMed's request. [R. 59 at 5, 6.] After the matter was referred, Judge Atkins entered an Order stating, "This Court shall consider the matter fully briefed and ripe for decision, unless this Court hears from the parties otherwise by or before Friday, December 8, 2017." [R. 54.] Indeed, Mr. Hackney submitted a filing on December 4, 2017, asserting, "Plaintiff hereby notifies the Court 'otherwise.'" [R. 55 at 1.] In this notification, he claims he lacked adequate opportunity to address AllMed's request for fees and costs, but then failed to actually address this request or identify any specific objections to AllMed's request. *Id.* AllMed responded to this notice on December 6, 2017. [R. 57.] Mr.

Hackney did not file a reply, nor did Mr. Hackney submit any supplemental filing to identify objections to AllMed's request. Three months later, Judge Atkins issued a Report and Recommendation. [R. 58.] Mr. Hackney has had ample opportunity to address AllMed's request and has, instead, used that opportunity to argue he should not be required to pay fees and costs at all. This objection also lacks merit.

**2**

Following these objections, Mr. Hackney addresses "General Issues and Additional Objections," again outlining why AllMed should not be awarded attorneys' fees and costs. [R. 59 at 7–12.] He claims neither party can satisfy the ERISA fee statute because Mr. Hackney never asserted an ERISA claim. *Id.* at 7. This argument has been addressed *ad nauseam*. [R. 28; R. 37; R. 53; R. 58.] This Court and the Sixth Circuit have both determined the claim was governed by 29 U.S.C. § 1132. *Id.* Accordingly, the Court refuses to reconsider this objection.

Next, Mr. Hackney again states his belief that AllMed should not be awarded fees or costs because of its failure to comply with Federal and Local Rules. [R. 59 at 9.] He then raises a new argument, stating AllMed should not recover fees and costs because they did not incur any fees. *Id.* at 11–12. According to Mr. Hackney, Lincoln National Insurance Company would indemnify AllMed for such fees and costs. *Id.* However, the only support Mr. Hackney has for this claim is the indication that AllMed's attorneys corresponded with employees at Lincoln Mutual. *Id.* Again, these objections relate to this Court's previous award of fees and costs, not to the Report and Recommendation. As stated above, the Court declines to address this objection.

## C

Finally, this Court turns to the eight "Specific Objections to Fees and Costs" stated by Mr. Hackney. [R. 59 at 12–19.] As this Court has already recognized, Mr. Hackney failed to file any such objections in the record prior to Judge Atkins filing a Report and Recommendation. Even so, the Court considers some of these issues sufficiently specific to warrant a *de novo* review of the analysis. 28 U.S.C. § 636(b)(1).

### 1

Mr. Hackney first alleges, "AllMed failed to provide the requisite detail necessary to support an award of attorneys' fees." [R. 59 at 12.] In particular, AllMed failed to provide any dates to support the billing entries. *Id*. at 13. But Mr. Hackney submits no legal reason why the date is, as he states, "a necessary and required item." AllMed does bear a burden to document hours adequately, however, failure to do so results in a *reduction*, not a denial, of such an award. *See Ohio Right to Life Soc., Inc., v. Ohio Elections Comm'n*, 590 F. App'x 597, 603 (6th Cir. 2014); *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). Such documentation is simply required to include sufficient detail to allow the Court to determine whether the hours were reasonable and actually expended for litigation. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). AllMed has provided the bill number, the number of hours, the bill rate, and a brief redacted summary of the work, sufficient to allow both Judge Atkins and this Court to determine which hours were reasonable and actually expended. Additionally, Judge Atkins *has* reduced the award amount by ten percent to account for any possible duplication or unnecessary billing. [R. 58.] Accordingly, Mr. Hackney's first objection is overruled.

**2**

Next, Mr. Hackney claims AllMed should not recover for work performed by attorneys not admitted to practice in the Eastern District of Kentucky. [R. 59 at 13.] According to him, Daniel Guillory,[1] Martha Boyd, and Christopher Morris performed 115 hours of work totaling $26,458. *Id*. Initially, while none of these attorneys were formally admitted to practice before this Court, Mr. Guillory was admitted to the Sixth Circuit, where he represented AllMed on appeal. [R. 60 at 9–10, n.6.] However, none of these attorneys appeared before this Court. John Scannapieco from the law firm of Baker, Donelson, Bearman, Caldwell, & Berkowitz in Johnson City, Tennessee, applied for and was granted *pro hac vice* status. [R. 5.] Chad Wallace is admitted to practice in Kentucky and therefore eligible to appear. [R. 5 at 3.] Both of these attorneys submitted filings bearing their signatures and listed their names as attorneys for AllMed on pleadings and motions, thus "appearing" before this Court. LR 83.5. Mr. Guillory, Ms. Boyd, and Mr. Morris did not do anything to warrant such appearance, they merely work for the same firm as Mr. Scannapieco and Mr. Wallace. The Court can find no law forbidding the award of attorneys' fees when an attorney does not appear before the Court and simply works for a legal firm representing a party where other employees are admitted to practice before the Court.[2] While Mr. Guillory's work on this case is notable, such is to be expected in his representation of AllMed on appeal. Therefore, this objection is also overruled.

---

[1] Mr. Hackney incorrectly refers to Mr. Guillory as "David Guillory." A review of AllMed's submissions shows work done by "Dan Guillory," not "David Guillory." [R. 50; R. 60 at 9, n.6.]

[2] Mr. Hackney cites several cases where the Court denies fees and costs to attorneys who failed to procure *pro hac vice* status. Upon review, none of these cases are controlling or apply to this matter. *Gsell v. Rubin & Yates, LLC*, denied an award of fees for a non-admitted "consulting" attorney who effectively acted as lead counsel by performing over six times the amount of work done by the admitted attorney. 41 F. Supp. 3d 443, 452 (E.D. Pa. 214). *Lee v. Robinson, Reagan & Young, PLLC*, denied an award for the same attorney at issue in *Gsell*, who was performing significantly more work than the named counsel. No. 3:14-cv-0748, 2015 WL 3442097, at *4 (M.D. Tenn. May 28, 2015). While Mr. Hackney may argue Mr. Guillory completed more work than a "consulting attorney" would normally perform, Mr. Guillory did not submit bills for more than twice the amount of work as the named counsel, Mr. Scannapieco. This additional work is also explained by Mr. Guillory's representation of AllMed at the Sixth

**3**

In his third objection, Mr. Hackney asserts that AllMed should not recover at all for any redacted submissions because AllMed did not seek leave of the Court before redacting. [R. 59 at 14.] As an initial matter, this Court has already determined Mr. Hackney had ample time to object to these submissions, and therefore, could have requested an *in camera* review. *See, supra* II.B.1. Even so, he fails now to identify any entry he deems too heavily redacted to discern the services provided. The Court can find none. The entries redact topics addressed in some phone calls and email messages, but retain enough information for the Court to determine precisely for what the attorneys billed. Contrary to what Mr. Hackney suggests, the Court does not need to guess what work was done by AllMed's attorneys. This third objection is overruled.

**4**

Mr. Hackney objects to AllMed's request for fees and costs incurred at the Supreme Court. [R. 59 at 15.] On July 17, 2017, Mr. Hackney filed a petition for a writ of certiorari, contesting the Sixth Circuit decision in this matter. [R. 47.] He believes AllMed should not be permitted to recover fees for work done to oppose a motion he later withdrew. [R. 59 at 15.] Additionally, he claims AllMed should not recover for opposing a motion for an extension of time or for filing a response to his petition for certiorari, neither of which are required by the Supreme Court Rules. *Id*. Mr. Hackney is correct; the Supreme Court Rules do not require a response to either his motion or his petition. Sup. Ct. R. 13; Sup. Ct. R. 15. However, the

---

Circuit. *Idaho Sporting Congress, Inc., v. Alexander* denied fees to counsel appearing before the Court without admission and after denial of *pro hac vice* status. 23 F. App'x 713, 714 (9th Cir. 2001). These attorneys did not request, and therefore, were not denied, *pro hac vice* status. *Spanos v. Skouras Theatres Corp.* concerns whether a course of conduct constituted the practice of law in New York. 364 F.2d 161 (2d Cir. 1966). This case does not concern the state of New York at all. *Martz v. PNC Bank, N.A.*, denied attorneys' fees for non-admitted attorneys where no attorney in the firm was granted *pro hac vice* status. No. 06-1075, 2008 WL 1994858, at *6 (W.D. Pa. May 5, 2008). Each of the non-admitted attorneys worked for the same firm as admitted attorneys, Mr. Wallace and Mr. Scannapieco, and did not appear before this Court. Though Mr. Hackney is correct that Courts sometimes deny fees for attorneys not admitted before the Court, none of the situations he listed apply to this matter.

absence of requirement does not mean such actions were unnecessary. In fact, AllMed succeeded in its opposition, as the Supreme Court denied the petition for writ of certiorari in this case. [R. 48.] Failure to oppose Mr. Hackney's filings could have had detrimental results for AllMed, rendering these fees necessary for their defense. Accordingly, Mr. Hackney's fourth objection is also overruled.

### 5

As his fifth objection, Mr. Hackney states AllMed should not recover for the "excessive hours" spent on research. [R. 59 at 16.] AllMed requested fees for 361.7 hours of work, of which, AllMed spent forty-six hours, or less than thirteen percent, conducting research. [*See* R. 58 at 5.] Mr. Hackney's suggests that the expertise of AllMed's attorneys rendered this amount of time "excessive and unnecessary." [R. 59 at 16.] However, the idea that this issue was so routine as to not require research simply underscores the Court's previous determination that Mr. Hackney and his attorneys acted in bad faith, knowing they would not be able to succeed in this matter. [R. 53 at 3–5.]

Upon review of AllMed's entries relating to research, the Court finds this time to be reasonable. For each entry relating to research, AllMed included a specific description of the research completed. [R. 50.] Each research entry is billed for less than six hours and is followed closely by attorneys drafting a motion or response relating to that research. *Id*. Mr. Hackney has provided no legal reason this research is excessive and the Court declines to find it so. This fifth objection is overruled.

### 6

For a sixth objection, Mr. Hackney claims AllMed should not recover for unsuccessful efforts. [R. 59 at 17.] *Hensley v. Eckerhart* explicitly states, "When a plaintiff has obtained

excellent results, his attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." 461 U.S. 424, 435 (1983). Of the total $90,655.50 AllMed requested in fees, Mr. Hackney identifies only $5,384,[3] less than six percent, that can be attributed to "unsuccessful efforts." [R. 59 at 17.] AllMed succeeded at the District Court, the Sixth Circuit, and at the Supreme Court of the United States, an "excellent result" by all accounts. Accordingly, the fee will not be reduced simply because AllMed did not succeed on each motion it filed. This objection is also overruled.

7

Mr. Hackney asserts that AllMed should not recover time relating to communications with Lincoln National Life Insurance Company, but fails to provide any legal justification for this argument. [R. 59 at 18.] A general objection that fails to identify specific factual or legal issues from the report and recommendation is not permitted since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, the Court declines to address this objection.

8

The eighth and final objection relates to costs incurred by AllMed. [R. 59 at 18.] AllMed only requested $1,689.28 in expenses, further reduced by $168.93 (ten percent). [R. 58.] Mr. Hackney first reiterates his objection to any award of costs based on AllMed's perceived failure to comply with Federal and Local Rules. [R. 59 at 18.] The Court has already addressed this and declines to reconsider it here. *See, supra*, II.B.1. Next, Mr. Hackney claims he should

---

[3] The Court also notes that Judge Atkins already reduced AllMed's award by $9,065.55 to account for any potentially unnecessary and/or excessive billing. [R. 58 at 6.] This deduction more than accounts for the fees Mr. Hackney attributes to unsuccessful efforts.

11

not pay for costs because AllMed did not provide more detail for costs labeled "copying." [R. 59 at 18.] He cites no legal reason for doing so. *Id*. Additionally, he contests the fees paid to admit attorneys *pro hac vice*. *Id*. Here, Mr. Hackney cites authority for denying the *pro hac vice* fee, but only in a request under the Equal Access to Justice Act. *Blackwood v. United States*, No. 2016 WL 5868085 (W.D. Ky. Oct. 6, 2016). The Equal Access to Justice Act does not apply here. Finally, Mr. Hackney asserts, again, he should not be required to pay costs associated with the Supreme Court, since AllMed was not required to file anything. [R. 59 at 19.] Again, this Court finds that argument lacks merit. *See, supra*, II.C.4. Mr. Hackney's final objection is also overruled.

**D**

In AllMed's response to Mr. Hackney's objections, AllMed claims it incurred an additional $4,935 in attorneys' fees, and requests that amount to be included in the award. [R. 60 at 1, n.1.] While the Court sympathizes with AllMed's position, this issue has not been fully briefed, and Mr. Hackney has not had the opportunity to respond. The Court, therefore, declines to add, unilaterally, $4,935 to AllMed's fees.

**III**

Mr. Hackney is clearly displeased with this Court's choice to award AllMed attorneys' fees and costs. However, his stated objections to Judge Atkins's Recommended Disposition are without merit. Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Magistrate's Report and Recommendation **[R. 58]** is **ADOPTED** as and for the opinion of the Court;

2. Plaintiff James Hackney's Objections **[R. 59]** are **OVERRULED**; and

3. The Court **HEREBY AWARDS** Defendant AllMed Healthcare Management, Inc. $81,589.95 in fees and $1,520.35 in costs, for a total of **$83,110.30.**

This the 27th day of April, 2018.

Gregory F. Van Tatenhove
United States District Judge